# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BERTIE M. EMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-221-RAW-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Bertie M. Emerson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings consistent with this Report and Recommendation.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on October 27, 1960 and was 51 years old at the time of the ALJ's decision. Claimant obtained her GED and LPN certification. Claimant has worked in the past as a licensed practical nurse. Claimant alleges an inability to work beginning June 28, 2010 due to limitations resulting from coronary artery disease, chest pain, high blood pressure, and irregular heartbeat.

## Procedural History

On July 12, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 26, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II by video with the Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On September 20, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on April 11, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

identify all of her severe impairments; (2) reaching an improper RFC determination; and (3) making unsupported findings at step five.

**Step Two Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of non-obstructive coronary artery disease ("CAD") and unstable angina. He specifically found Claimant's sick sinus syndrome and anxiety were singly or in combination with other impairments, non-severe. (Tr. 22). The ALJ also found Claimant retained the RFC to perform light work with the limitations that she stand/walk for 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour workday, lift/carry 10 pounds frequently and 20 pounds occasionally, only occasional climbing of ladders/ropes/scaffolds, and no exposure to excessive heat. (Tr. 26). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of counter attendant and assembler, which he testified existed in sufficient numbers in the regional and national economies. (Tr. 32). As a result of these findings, the ALJ determined Claimant was not disabled. (Tr. 33).

Claimant first contends the ALJ failed to include all of her severe impairments at step two. Specifically, Claimant contends the two conditions which the ALJ concluded were non-severe - sick

sinus syndrome and anxiety - constituted severe impairments. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20

C.F.R. § 416.920(c).  An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(1)(D).  The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). This Court would note that the ALJ found "CAD" as a severe impairment.  Claimant does not indicate how the addition of sick sinus syndrome as a severe impairment would have resulted in additional functional limitations.

As for Claimant's alleged mental condition of anxiety, at the time the ALJ made his decision, the medical record did not support a finding of a severe condition which required ongoing treatment. The ALJ properly relied upon Claimant's own testimony on the lack of functional limitations, as well as the findings of the consultative physicians to conclude Claimant's mental condition was not severe.  (Tr. 22).

Claimant also contends the ALJ should have sent Claimant for a consultative mental evaluation.  A social security disability hearing is nonadversarial and the ALJ bears responsibility for

ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." <u>Branam v. Barnhart</u>, 385 F.3d 1268, 1271 (10th Cir. 2004) quoting <u>Henrie v. United States Dep't of Health & Human Services</u>, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." <u>Id</u>. quoting <u>Carter v. Chater</u>, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. <u>Baca v. Dept. of Health & Human Services</u>, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. <u>Henrie</u>, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that

we need is not available from your treating or other
medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency
in the evidence mus be resolved, and we are unable to do
so by recontacting your medical source; or

(5) There is an indication of a change in your condition
that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

None of these conditions existed in this case to require the
retention of a further consultative mental health professional in
this case. Claimant, however, submitted the consultative report of
Dr. Robert Spray dated November 5, 2012 which was not available to
the ALJ but was provided as a part of the record to the Appeals
Council. (Tr. 1452-59). This report was issued well after
Claimant's date last insured for Title II purposes but should have
been considered for Title XVI. Dr. Spray indicated Claimant
suffered from dysthymia and adjustment disorder with anxious mood
with a GAF of 45-50. (Tr. 1454). He also found Claimant was
moderately limited in 21 functional areas, markedly limited in an
additional six areas, and severely limited an one area. (Tr. 1456-
58). His narrative included a finding of chronic depression and
anxiety which was persistent, severe, and provided a lack of
motivation and depression. (Tr. 1458). Since the ALJ did not
consider Claimant's anxiety in any of the subsequent steps of the

sequential evaluation, the matter must be remanded for the purpose of considering Dr. Spray's opinion as an examining consultative mental evaluator and the opinion's effect upon the ALJ's conclusion of non-severity for the mental condition.

## RFC Determination

The ALJ's failure to consider mental impairments in his RFC determination requires remand until the ALJ has an opportunity to evaluation Dr. Spray's opinion and reconsider whether mental impairments should be included in his RFC evaluation. The ALJ should also consider the effect of his physical condition upon her ability to walk and stand. The record indicates that she suffered from bilateral pain in her legs and hips which evidence of arterial blockage. (Tr. 515, 1161, 1446). This condition may have a detrimental effect upon the ability to walk and stand required for a functional finding that she may engage in light work.

Within this issue, Claimant also challenges the ALJ's evaluation of her credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when

supported by substantial evidence. <u>Id</u>.  Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. <u>Kepler</u>, 68 F.3d at 391.  However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ's evaluation of Claimant's credibility,

though somewhat scant, fulfills his obligation under the regulations.

## Evaluation of Step Five Findings

Claimant contends the ALJ's hypothetical questioning of the vocational expert did not consider all of her limitations. Since this Court has directed that the ALJ consider the effect of Dr. Spray's evaluation upon his RFC findings as well as some of her physical limitations, the hypothetical questioning of the vocational expert necessarily may have been deficient. On remand, the ALJ shall consider whether the questioning should be reformulated given any additional findings of functional limitation at the earlier steps of the sequential evaluation.

Claimant also contends the ALJ erred in the factual finding of her birth date, which may affect a finding of whether she was a "closely approaching advanced age" person. On remand, the ALJ shall also make appropriate corrective findings with regard to Claimant's birth date, if necessary.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED** and the matter **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 20th day of July, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE